UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN WILKES,

    Plaintiff,

v.                                                        Case No. 24-12154

TAYLOR SCHOOL DISTRICT,          Sean F. Cox
                                                             United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR,**
**ALTERNATIVELY FOR SANCTIONS (ECF NO. 21)**

Acting *pro se*, Plaintiff filed this action against Defendant on August 16, 2024, asserting both federal and state-law claims. Since filing the action, however, Plaintiff has failed to cooperate during discovery, failed to comply with various Court rules, and failed to appear for his deposition – despite being warned that his failure to do so may result in the claims in this action being dismissed with prejudice. On February 11, 2025, Defendant filed a motion asking the Court to grant summary judgment in its favor as to all claims or, alternatively, dismiss all claims in this action with prejudice as a sanction under Fed. R. Civ. P. 37. Plaintiff failed to file any response to the motion, even after this Court issued a Show Cause Order ordering him to do so. The Court will decide this motion without oral argument. For the reasons that follow, the Court hereby GRANTS the motion and dismisses all claims in this action with prejudice as a discovery sanction under Rule 37.

1

## BACKGROUND

Acting *pro se*, and proceeding *in forma pauperis*, Plaintiff Benjamin Wilkes ("Plaintiff") filed this action against Defendant Taylor School District ("the School District") on August 16, 2024.

Plaintiff alleges that he was employed by the School District from 2016, until he quit on November 4, 2022. (*Id.* at PageID.10).

Plaintiff filed the action in federal court based upon federal-question jurisdiction. Plaintiff's Complaint states that the action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("the FLSA"). (Pl.'s Compl., ECF No. 1 at PageID.3). To that end, Plaintiff alleges that on some unspecified date he "complained about not being paid over 50 hours of overtime" to a manager. (*Id.* at PageID.4). The Complaint does not include any further allegations regarding Plaintiff's FLSA claim and it does not assert claims under any other federal statutes.

In his Complaint, Plaintiff also checked boxes for relevant state laws and Plaintiff complains of racial discrimination. Plaintiff alleges that in 2018, he was "called all kinds of racial names" by "some of the transportation employees." (*Id*. at PageID.14). Plaintiff alleges that a female co-worker threw a vacuum cleaner at him and called his racial names in 2021. (*Id*. at PageID.7). Plaintiff also alleges that in 2021, an employee cut him off while he was driving a school bus and that his school bus was vandalized. Plaintiff further alleges that in 2022, the School District's Transportation Director told a prospective employer not to hire him because he filed a complaint with the EEOC. (*Id*. at PageID.14).

This Court's Scheduling Order provides that discovery was to be completed by March 21, 2025, and dispositive motions were to be filed by April 21, 2025.

On January 16, 2025, this Court issued an "Order Denying Plaintiff's Motion For Change Of Location Of Deposition." (ECF No. 16). In that Order, the Court noted that Plaintiff had failed to appear for deposition on January 5, 2025, and ordered, in pertinent part:

> **The Court FURTHER ORDERS that if Plaintiff fails to appear for his re-noticed deposition, the Court will impose appropriate sanctions, up to and including dismissal of this case.**
> **IT IS SO ORDERED.**

(ECF No. 16).

On February 6, 2025, this Court issued an "Order Denying Plaintiff's Request For A Favorable Ruling, Denying His Request To Hold Case In Abeyance, And Advising Plaintiff That He May Only Seek Relief From The Court Through A Proper Motion." (ECF No. 20).

On February 11, 2025, the School District filed the instant "Motion For Summary Judgment Or, In The Alternative, For Sanctions Under Fed. R. Civ. P. 37." (ECF No. 21).

After Plaintiff failed to file any response to the motion within the time permitted for doing so under the applicable local rules, this Court issued a Show Cause Order that ordered Plaintiff to "**SHOW CAUSE**, in writing, no later than **March 18, 2024**, why the currently unopposed motion should not be granted." (ECF No. 24) (bolding in original). Plaintiff did not respond to the Court's Show Cause Order.

This Court then issued an order stating that briefing has closed and the Court will determine the motion without oral argument.

3

## ANALYSIS

The School District's motion asserts that this Court should dismiss Plaintiff's claims with prejudice as a sanction under Fed. R. Civ. P. 37 for failure to cooperate in discovery and failure to appear for his deposition. Additionally or alternatively, the School District asserts that it is entitled to summary judgment in its favor based upon statute-of-limitation grounds (as to Plaintiff's FLSA claims) and contractual-limitations grounds (as to other state-law claims that Plaintiff may have asserted). While all of the School District's arguments are well-taken, the Court need not address them all. As explained below, the Court concludes that dismissal of Plaintiff's claims with prejudice, as a sanction under Fed. R. Civ. P. 37, is warranted here.

Rule 37(d) of the Federal Rules of Civil Procedure authorizes a district court to impose sanctions, including dismissal, for a party's failure to appear for the party's deposition. *Moore v. Erickson*, 2023 WL 9023353 at *2 (6th Cir. 2023) (citing Fed. R. Civ. P. 37(d)(1)(A) and (d)(3), as well as Rule 41(b)).

Here, defense counsel noticed Plaintiff's deposition for January 7, 2025, but Plaintiff failed to appear. This Court then issued an order wherein it expressly warned Plaintiff that **"if Plaintiff fails to appear for his re-noticed deposition, the Court will impose appropriate sanctions, up to and including dismissal of this case."** (ECF No. 16) (bolding in original). Defense counsel then re-noticed Plaintiff's deposition for February 4, 2025. Despite this Court's express warning, Plaintiff again failed to appear for his deposition. (*See* ECF Nos. 21-5 & 21-6).

In determining whether dismissal of the claims in this action is an appropriate sanction for Plaintiff's conduct, this Court considers the following four factors: 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the

4

dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mager v. Wisconsin Central Ltd.,* 924 F.3d 831, 837 (6th Cir. 2019). As the Sixth Circuit has explained, a "pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness." *Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 957 (6th Cir. 2003).

This Court concludes that Plaintiff's various discovery defaults, including his repeated failure to appear for his deposition, have been wilful and in bad faith. Plaintiff was expressly warned in writing that his claims may be dismissed with prejudice if he failed to appear for his re-noticed deposition. "[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Stamtec, Inc. v. Anson*, 195 F. App'x 473, 478 (6th Cir. 2006). The party seeking to avoid the sanction of dismissal has the burden of showing that his or her failure to comply was due to inability, not to willfulness or bad faith. *Southern Wabash Commc'ns v. Union County Broad. Co.*, 69 F. App'x 285, 290 (6th Cir. 2003). In addition to ignoring this Court's express warning that his case may be dismissed if he failed to appear for his re-noticed deposition, Plaintiff also ignored this Court's Show Cause Order, ordering him to file a response to the School District's motion for sanctions. Thus, Plaintiff has presented no argument or evidence on which this Court could find anything other than willful and bad faith violations of the discovery rules and this Court's orders.

And the prejudice to the School District is clear, as Plaintiff has thwarted its legitimate efforts to conduct discovery in this case. Plaintiff's conduct has prevented the School District from gathering evidence and deposing Plaintiff in order to understand and defend against his

5

claims. In addition, Plaintiff's conduct has caused the School District to spend time and money in preparation for the noticed depositions and in preparing discovery requests. *Moore, supra*, at *3.

Moreover, this Court has considered other lesser sanctions, such as the imposition of monetary sanctions. In light of the fact that Plaintiff is proceeding *in forma pauperis*, this Court concludes that imposing monetary sanctions would not be appropriate or effective in this particular case.

Accordingly, this Court concludes that dismissal of Plaintiff's claims with prejudice is an appropriate sanction under the circumstances presented here.

## CONCLUSION & ORDER

Accordingly, the Court ORDERS that Defendant's Motion is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court CERTIFIES THAT ANY APPEAL IN THIS MATTER WOULD NOT BE TAKEN IN GOOD FAITH. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").

IT IS SO ORDERED.

Dated: March 24, 2025

s/Sean F. Cox
Sean F. Cox
United States District Court Judge

I hereby certify that on March 24, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                                   <u>s/Emily Vradenburg</u>
                                                   Case Manager